IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CR-11-WKW |
| | ) | [WO] |
| DEAMPRET LEON MILLER | ) | |

## MEMORANDUM OPINION AND ORDER

An Order entered on March 25, 2026, denied Defendant Deampret Leon

Miller's *pro se* motion for compassionate release.  (Doc. # 232.)  On or about April

9, 2026, Defendant, proceeding *pro se*, filed a notice of appeal.[1]  (Doc. # 233.)  The

notice of appeal was received by the United States Court of Appeals for the Eleventh

Circuit ("Eleventh Circuit") on April 13, 2026, and was forwarded to the United

States District Court for the Middle District of Alabama on April 15, 2026.  (Doc.

# 233.)

Defendant has not paid the filing fee or filed a motion in the district court to

proceed on appeal *in forma pauperis* (IFP).  (*See* Doc. # 235.)  Accordingly,

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see also* Fed. R. App. P. 4(c) (adopting a prison mailbox rule for the filing of a notice of appeal).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Defendant dated the certificate of service April 18, 2026.  (Doc. # 233 at 5.)  This date clearly is a typographical error because the U.S Postal Service postmark on the envelope is dated April 9, 2026 (Doc. # 233 at 6), and the United States Court of Appeals for the Eleventh Circuit received the notice on April 13, 2026 (Doc. # 233 at 1).

Defendant's notice of appeal is construed as containing a motion to proceed IFP on appeal. Also, Defendant subsequently moved for an extension of time to file the notice of appeal. (Doc. #236.) For the reasons to follow, the motion for an extension of time will be granted, but the motion to proceed IFP on appeal will be denied.

**A.    Defendant's Motion for an Extension of Time to File a Notice of Appeal**

Under Federal Rule of Appellate Procedure 4(b)(1), Defendant was required to file a notice of appeal "within 14 days" of the Order denying his motion for compassionate release. Fed. R. App. P. 4(b)(1); *see also United States v. Raines*, 2023 WL 2784048, at *5 (11th Cir. Apr. 5, 2023) (per curiam) (applying Rule 4(b)(1)'s 14-day deadline to such appeals). This deadline is not jurisdictional. *See United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009) ("Because the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not grounded in a federal statute, we hold that it is not jurisdictional.").

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides the primary mechanism for addressing untimely notices of appeal in criminal cases. The district court may extend the time to file a notice of appeal if certain conditions are met:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

2

Fed. R. App. P. 4(b)(4). "In determining whether 'excusable neglect' occurred, [the court] consider[s] four factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *United States v. Divito*, 415 F. App'x 151, 152 (11th Cir. 2011) (per curiam); *see also United States v. Ruiz-Guifarro*, 469 F. App'x 805, 806 n.2 (11th Cir. 2012) (per curiam) ("The 'excusable neglect' standard applies in situations in which there is fault, usually occasioned by something within the movant's control." (citing Fed. R. App. P. 4 advisory committee's note to 2002 amendments).

The date Defendant filed his notice of appeal under the prison mailbox rule is unclear, *see supra* note 1, and Defendant's motion for an extension of time does not clarify the date he delivered the notice of appeal "to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Based on the U.S Postal Service postmark on the envelope, which is dated April 9, 2026, the notice of appeal was filed one day late. (Doc. # 233 at 6.) However, the U.S. Postal Service postmark reflects that it was stamped at an "Atlanta, GA" postal facility. (Doc. # 233 at 6.) Because Defendant's notice of appeal was mailed from Edgefield Federal Correctional Institution in South Carolina (Doc. # 233 at 6), practicalities would suggest that Defendant delivered the notice of appeal to prison authorities for

3

mailing prior to April 9.  Under that commonsense approach, the notice of appeal is timely.

However, even if Defendant's notice of appeal were filed one day late, the flexible, non-jurisdictional standard of Rule 4(b)(4) of the Federal Rules of Appellate Procedure allows for excusable neglect.  Defendant's reason for the arguable delay—"waiting to receive [documents] from [the] clerk," which were promised to be sent on April 25 (Doc. # 236 at 1)—is admittedly not particularly strong.  However, there is no evidence of bad faith on the part of Defendant, and the danger of prejudice to the United States and the negative impact on the judicial proceedings flowing from a one-day delay is minimal to non-existent.  *See Divito*, 415 F. App'x at 152.  Based on careful consideration of all the factors, it is ORDERED that Defendant's motion for an extension of time to file a notice of appeal (Doc. # 236) is GRANTED.

## B.      <u>Defendant's Motion to Proceed IFP on Appeal</u>

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445

(1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981)[2] (per curiam).

Applying this standard, the court is of the opinion that Defendant's appeal has no legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam).

Accordingly, it is ORDERED that Defendant's motion to proceed IFP on appeal (Doc. # 233) is DENIED.

It is further ORDERED that, under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), Defendant is required to pay the $605.00 fee for filing this notice of appeal. It is, therefore, ORDERED that:

1. If the funds in Defendant's prison account exceed $605.00, those persons having custody of Defendant shall forward to the Clerk of this Court the $605.00 appellate filing fee.

2. If the funds in Defendant's prison account are less than $605.00, those persons having custody of Defendant shall—

 a. make an initial partial payment to this court equal to the greater of the following amounts:

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> > i.      20% of the average monthly deposits to Defendant's account for the 6-month period immediately preceding the date Defendant filed his notice of appeal; or
> >
> > ii.      20% of the average monthly balance in Defendant's account for the aforementioned 6-month period.
>
> b.      make additional monthly payments of 20% of each preceding month's income credited to Defendant's account until the balance of the $605.00 fee is paid.  These additional monthly payments shall be deducted from Defendant's prison account each time the amount in this account exceeds $10.00 until the $605.00 filing fee is paid in full.

3.      Where the appellate court enters a judgment against Defendant for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $605.00 filing fee, those persons having custody of Defendant shall continue making monthly payments to this court in accordance with the installment plan outlined in ¶ 2.b. until the full amount of the ordered costs is paid.

To aid those persons having custody of Defendant in complying with the requirements of this order, the Clerk of Court is DIRECTED to furnish a copy of this Order to the inmate account clerk at the facility where Defendant is detained. The account clerk is advised that, if Defendant is transferred to another prison or detention facility, he shall furnish this Order to the appropriate official at the

institution where Defendant is transferred so the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

Defendant is advised that if, before he has paid the $605.00 filing fee, the appellate court disposes of his appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains obligated to pay the $605.00 filing fee.  The filing fee will be collected from any funds that become available to Defendant and will be forwarded to this court by those persons having custody of Defendant pursuant to the directives in this Order.

The Clerk of Court is DIRECTED to provide a copy of this Memorandum Opinion and Order to the United States Court of Appeals for the Eleventh Circuit.

DONE this 14th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE