IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CR-11-WKW |
| | ) | [WO] |
| DEAMPRET LEON MILLER | ) | |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

On March 11, 2020, Defendant Deampret Leon Miller was sentenced to 180 months' imprisonment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. # 183.) This sentence, representing the statutory minimum, resulted from a downward variance from a guideline range of 235 to 293 months' imprisonment. (Doc. # 207 at 28–29.) Defendant is scheduled to be released from federal custody on June 22, 2032. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 3, 2026).[1]

Before the court is Defendant's third *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 238.) Defendant seeks compassionate

[1] The court takes judicial notice of the public records maintained on the Federal Bureau of Prisons' website. *See* Fed. R. Evid. 201(c); *see also United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the Federal Bureau of Prisons' publicly accessible Inmate Locator records); *Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1301 n.25 (N.D. Fla. 2017) ("[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites.").

release on two grounds: (1) to assist his parents, who are in their seventies, in caring for his deceased sister's child; and (2) to account for the 34 months he served in state custody in part on a separate methamphetamine-distribution charge. (Doc. # 238 at 1–2; *see generally* Doc. # 224 at 3–4 (Eleventh Circuit's opinion dismissing Miller's appeal challenging the district court's discretionary decision not to grant a downward departure for the 34 months Miller served on state sentences).) The Government filed a response opposing the motion for compassionate release. (Doc. # 242.) The motion alternatively has been construed as one seeking sentencing relief under 18 U.S.C. § 3582(c)(1)(B). (Doc. # 240.)

## II. DISCUSSION

"[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing § 3582(c)), *cert. denied*, 144 S. Ct. 1041 (2024). Here, a sentence reduction is not appropriate under either 18 U.S.C. § 3582(c)(1)(A) or 18 U.S.C. § 3582(c)(1)(B).

### A. Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Under § 3582(c)(1)(A), the court may reduce a defendant's sentence if three conditions are met: (1) the 18 U.S.C. § 3553(a) sentencing factors support the reduction; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) the reduction aligns "with applicable policy statements issued by the Sentencing

Commission," specifically, U.S.S.G. § 1B1.13. 18 U.S.C. § 3582(c)(1)(A). All three conditions must be satisfied for the district court to grant a motion for compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The burden rests with Defendant to demonstrate eligibility for a sentence reduction.[2] *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not shown the presence of all three conditions. First, the relevant § 3553(a) factors do not support compassionate release. The 180-month sentence, which reflects a below-guideline sentence, accurately reflects the nature and circumstances of the offenses, Defendant's history and characteristics, and the gravity of the crimes. *See* § 3553(a). It also promotes respect for the law, protects the public, ensures just punishment, and deters others from committing similar offenses. *See id.* Second, the court has evaluated both of Defendant's proposed reasons. Whether considered independently or collectively, in the context of Defendant's individualized circumstances and U.S.S.G. § 1B1.13(b), these reasons do not rise to the level of extraordinary and compelling. Third, a sentence reduction would not align with § 1B1.13.

[2] Section 3582(c)(1)(A) also includes a non-jurisdictional exhaustion requirement. *See United States v. Stinson*, 2023 WL 9016455, at *1 n.2 (11th Cir. Dec. 29, 2023) (per curiam) ("We have held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional but rather is a claim-processing rule." (citing *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)). The Government "waives the administrative requirement" of exhaustion. (Doc. # 242 at 2.) Because the Government has not raised the defense of failure to exhaust under § 3582(c)(1)(A), the court can proceed to the merits of the motion.

## B. Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(B)

Under § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). No statute expressly permits a sentence reduction on the grounds asserted by Defendant, and Federal Rule of Criminal Procedure 35 does not allow relief.

Under Rule 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Those listed grounds are "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred." Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment. The fourteen-day requirement is jurisdictional. *United States v. Phillips*, 597 F.3d 1190, 1196–97 (11th Cir. 2010) (citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002); *United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000)).

Defendant's motion does not satisfy Rule 35's requirements. It has been more than six years since the court sentenced Defendant. (Doc. # 183.) Defendant also has not identified any "arithmetical, technical, or other clear error" in the judgment. Fed. R. Crim. P. 35(a). The court therefore lacks jurisdiction to amend or modify Defendant's sentence under Rule 35.

## III. CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Deampret Leon Miller's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 238) is DENIED and that his alternative motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) (Doc. # 238) is DENIED for lack of jurisdiction.

DONE this 3rd day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE